**RECORD NOS. 11-4164(L); 11-4346**

In The

# United States Court of Appeals

## For The Fourth Circuit

# UNITED STATES OF AMERICA,

*Plaintiff – Appellee*,

**v.**

# MOHAMAD YOUSSEF HAMMOUD,
## a/k/a Ali Abousaleh, a/k/a Ali Albousaleh,

*Defendant – Appellant.*

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA AT CHARLOTTE

———————

## PETITION FOR REHEARING AND REHEARING *EN BANC*

———————

**James P. McLoughlin, Jr.**
**Christopher D. Tomlinson**
**MOORE & VAN ALLEN PLLC**
**100 North Tryon Street, Suite 4700**
**Charlotte, North Carolina 28202**
**(704) 331-1000**

*Counsel for Appellant*

**Stanley Lewis Cohen**
**ATTORNEY AT LAW**
**119 Avenue D**
**New York, New York 10009**
**(212) 995-2690**

*Counsel for Appellant*

**THE LEX GROUP** ♦ 1108 East Main Street ♦ Suite 1400 ♦ Richmond, VA 23219
(804) 644-4419 ♦ (800) 856-4419 ♦ Fax: (804) 644-3660 ♦ www.thelexgroup.com

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................. iii

PRELIMINARY STATEMENT OF COUNSEL .................................... 1

STATEMENT OF THE ISSUES .......................................................... 2

STATEMENT OF THE CASE .............................................................. 6

ARGUMENT ....................................................................................... 10

    I.     Issue #1: The Panel's Decision Conflicts with the Circuit's *Abu Ali* Decisions on a Critical and Recurring Issue—18 U.S.C. § 3553(a)(6) Analysis .......................................................... 10

    II.    Issues #2 & #3: The Panel's Decision Sanctions the Pre-Determination of Criminal Defendants' Sentences and Sentencing without Consideration of Allocutions, Rendering the Sentencing Hearing Meaningless and in Conflict with the Circuit's *Muhammad* Decision .......................................... 11

    III.    Issue #4: The Confrontation Clause Gives Defendants Protection and Imposes Limits on Prosecution Evidence at Sentencing in this Case .............................................................. 12

    IV.    Issue #5: The Panel Erred Because Formulating a Guidelines Sentence that Exceeds the Statutory Maximum for the Offense with the Resulting Presumption of Validity Based on Findings of Specific Intent Not Proved to a Jury Beyond a Reasonable Doubt Violates Controlling *Apprendi* Principles ................................ 13

V.      Issues #6 & #7: U.S.S.G. § 3A1.4 Is Unconstitutional as Applied when Imposing an Increase in Hammoud's Criminal History from CH I to CH VI without Any Basis in Research or Fact and the District Court Applied an Impermissible Factor to Support its Refusal to Correct the Flaw in Violation of Supreme Court Precedent ..................................................................................15

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Apprendi v. New Jersey*,
530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000) ......................13, 14

*Blakely v. Washington*,
542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004) .................... 6-7, 14

*Bullcoming v. New Mexico*,
564 U.S. ___, 131 S. Ct. 2705, 180 L. Ed. 2d 610 (2011) ...........................13

*Crawford v. Washington*,
541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004) ..............................13

*Hammoud v. United States*,
543 U.S. 1097, 125 S. Ct. 1051, 160 L. Ed. 2d 997 (2005) ...........................7

*United States v. Hammoud*,
405 F.3d 1034 (4th Cir. 2005) .........................................................................7

*Maryland v. Craig*,
497 U.S. 836, 110 S. Ct. 3157, 111 L. Ed. 2d 666 (1990) ...........................13

*Melendez-Diaz v. Massachusetts*,
557 U.S. ___, 129 S. Ct. 2527, 174 L. Ed. 2d 314 (2009) ...........................13

*Michigan v. Bryant*,
562 U.S. ___, 131 S. Ct. 1143, 179 L. Ed. 2d 93 (2011) ..............................13

*United States v. Abu Ali*,
528 F.3d 210 (4th Cir. 2008) ...........................................................1, 10, 11

*United States v. Abu Ali*,
410 Fed. Appx. 673 (4th Cir. 2011) ..................................................... 1-2, 11

*United States v. Booker*,
 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005) ...............................7

*United States v. Hammoud*,
 381 F.3d 316 (4th Cir. 2004) (*en banc*)...........................................................7

*United States v. Hammoud*,
 405 F.3d 1034 (4th Cir. 2005) ........................................................................7

*United States v. Kimbrough*,
 552 U.S. 85, 128 S. Ct. 558, 169 L. Ed. 2d 481 (2007) ...............................15

*United States v. Landeros-Lopez*,
 615 F.3d 1260 (10th Cir. 2010) ..............................................................4, 11

*United States v. Meskini*,
 319 F.3d 88 (2d Cir. 2003) .......................................................................5, 15

*United States v. Muhammad*,
 478 F.3d 247 (4th Cir. 2007) ................................................................1, 4, 11

*United States v. O'Brien*,
 560 U.S. ___, 130 S. Ct. 2169, 176 L. Ed. 2d 979 (2010) ...........................14

## CONSTITUTIONAL PROVISION

U.S. Const. amend. VI .............................................................................................2

## STATUTES

18 U.S.C. § 2339B ................................................................................1, 5, 6, 14

18 U.S.C. § 3553 ...................................................................................2, 5, 15

18 U.S.C. § 3553(a) .........................................................................................8

18 U.S.C. § 3553(a)(1)....................................................................................11

18 U.S.C. § 3553(a)(6).............................................................................*passim*

## **RULES**

Fed. R. App. P. 35 ...................................................................................1

Fed. R. App. P. 35(b)(1)(B) ....................................................................1

Fed. R. App. P. 40 ...................................................................................1

4th Cir. R. 40(b)(iv) ................................................................................1

## **GUIDELINES**

U.S.S.G. § 3A1.4 ...........................................................................*passim*

U.S.S.G. § 3A1.4(b) ................................................................................5

## PRELIMINARY STATEMENT OF COUNSEL

Pursuant to Rules 35 and 40 of the Federal Rules of Appellate Procedure and of this Court, Mohamad Hammoud petitions for panel rehearing or a hearing *en banc* on the decisions in this case, the most recent of which affirmed the District Court's judgment sentencing Mr. Hammoud to 30 years imprisonment for the offenses of conviction, most significantly for material support of a designated foreign terrorist organization, 18 U.S.C. § 2339B.  The panel, consisting of Judge Davis, Judge Keenan, and District Court Judge James R. Spencer (the "Panel"), affirmed the District Court in an unpublished opinion dated June 21, 2012.

A reasoned and studied professional review of this case establishes that this appeal involves questions of exceptional importance as to Issue Nos. 1, 2, and 4-7 of the Statement of Issues.  *See* Fed. R. App. P. 35(b)(1)(B); Local Rule 40(b)(iv).

In holding that the District Court did not err in ignoring Hammoud's allocution for acceptance of responsibility purposes, the opinion of the Panel conflicts with a prior opinion of this Court as described in Issue No. 3.  *See United States v. Muhammad*, 478 F.3d 247, 250-51 (4th Cir. 2007).

As described in Issue No. 1 of the Statement of Issues, in approving the District Court's truncated analysis under 18 U.S.C. § 3553(a)(6), the Panel opinion conflicts with *United States v. Abu Ali*, 528 F.3d 210 (4th Cir. 2008) and *United*

1

*States v. Abu Ali*, 410 Fed. Appx. 673, 680 (4th Cir. 2011), which require an analysis based upon the offense conduct.

## STATEMENT OF THE ISSUES

1.    The Panel found that "the district court appropriately used a certain subset of cases to conclude that a 155 year sentence was 'grossly disproportionate' and 'reviewed the vast majority of cases and applicable sentences' to reach certain other summary conclusions." (Slip op. p.24.)   However, the District Court considered only those nine cases in which a defendant chose to go to trial, finding only those cases to be material. The District Court and the Panel erred by selecting one factor—the exercise of one's Sixth Amendment right to trial (whether articulated as exercising the right to trial or as failing to accept responsibility)—to be the overwhelmingly dominant factor in a Section 3553(a)(6) analysis.   The result here is an analysis of cases that are not comparable on the far more material grounds of the offense conduct and an inflated sentence in violation of Hammoud's rights under Section 3553 and Due Process.

2.    The Panel rejected the argument of both Hammoud and the Government that the District Court's "predetermination of the sentence", and its statement that it intended to rely on the statutory maximum of only two counts of conviction, was error. The Panel ruled, "[b]y drafting the sentencing memorandum before the sentencing hearing, the district court permissibly considered the parties' briefing in

advance of the hearing and undertook to adequately prepare itself for a difficult resentencing. Good judges routinely follow such a practice." (Slip Op. p.18 n.7.) However, the Panel ignored that fact that the District Court did not merely draft an opinion of reasons before the second day of the hearing, but pre-determined Hammoud's specific sentence. The District Court could not have considered the evidence and argument submitted on the second day of the sentencing, including Hammoud's allocution, in arriving at a sentence put in writing the day before.

3.  The Panel erred when it concluded that Hammoud had not proved error by the District Court for its failing to consider his allocution.  The District Court ruled that its view of Hammoud's criminal history as inflated by U.S.S.G. § 3A1.4, "will not change and should not be changed based on the evidence of his involvement with Hezbollah, his relative youth and thus time and ability to become a recidivist, and the fact that he never accepted responsibility and obstructed justice by testifying falsely at trial."  The Panel ruled that "presumably" the District Court was referring to Hammoud's Guidelines calculation.  This finding is irreconcilable with the fact that the Guidelines calculation was not subject to reexamination under the District Court's application of the Mandate Rule and the District Court's own words.  The District Court's pre-prepared findings state Hammoud ***"never"*** accepted responsibility, which in its plain meaning, means ***never***, and cannot be rewritten to mean "at the original sentencing" as the Panel "presumes".  The Panel

ruling conflicts with *United States v. Muhammad*, 478 F.3d 247, 251 (4th Cir. 2007) (allocution must be considered in formulating the sentence and allocution at resentencing fully represents acceptance of responsibility). *See also United States v. Landeros-Lopez*, 615 F.3d 1260, 1267-68 (10th Cir. 2010) (same).

4.  The Panel held that admitting evidence offered by the Government for sentencing, including the testimony of key witnesses whose cross-examination was restricted or prohibited completely, information from wholly unsubstantiated internet websites, and statements made to pre-trial services by unidentified prosecutors and investigators, did not violate the Confrontation Clause or Due Process.  In doing so, the Panel relied on precedent that the Confrontation Clause does not apply at sentencing.  Whether or not the Confrontation Clause applies in all situations during sentencing, it must apply when, as here, the Government seeks to introduce evidence regarding a defendant's offense conduct and intent that was not proved to a jury.  Hammoud's Guidelines sentence was increased from 46-57 months to life in prison based upon the application of § 3A1.4, which was the direct result of conduct and intent evidence admitted with no Confrontation right.

5.  U.S.S.G. § 3A1.4 is unconstitutional as applied in this case, where the specific intent required by U.S.S.G. § 3A1.4 was not proved to the jury, but was found by the District Court by a preponderance of the evidence.  As a result of the District Court's finding, Hammoud's presumptively valid sentence (his Guidelines

sentence) increased from 46-57 months to life in prison, based upon a conviction under 18 U.S.C. § 2339B, which has a statutory maximum of 10 years. Regardless of the discretionary nature of a Guidelines calculation, imposing such a practical penalty and presumption on a defendant without the right to a jury trial violates his Sixth Amendment right to trial and his Due Process rights.

6.   U.S.S.G. § 3A1.4 is unconstitutional as applied in this case, where it imposes an increase in Hammoud's criminal history from CH I to CH VI without any basis in research or fact-finding.  The Panel erred in approving the District Court's reliance on *United States v. Meskini*, 319 F.3d 88, 92 (2d Cir. 2003), which stated, "Congress and the Sentencing Commission had a rational basis for creating a uniform criminal history category for all terrorists under § 3A1.4(b)." Neither the facts nor the logic of *Meskini* applies here, where Hammoud's non-violent offense conduct bears no resemblance to the violent terrorist acts contemplated in *Meskini*.

7.   The Panel erred in its approval of the District Court's increase of Hammoud's sentence based upon factors not within the scope of Section 3553 and not Constitutionally permissible. The District Court refused to reduce Hammoud's criminal history, inflated from CH I to CH VI by U.S.S.G. § 3A1.4, based upon the conjecture that the "experience and contacts he gains in prison may assist him in continuing to be a threat to the United States even from abroad", which has no supporting evidence whatever in the record.

5

## STATEMENT OF THE CASE

Following a 2002 jury trial, Mohamad Hammoud was convicted of fourteen offenses.  One of these offenses, which was added less than eight weeks before trial, was providing material support to a designated foreign terrorist organization (a "DFTO") in violation of 18 U.S.C. § 2339B.  The allegation supporting this material support offense was that Hammoud sent $3,500 to a "Sheik Abbas Harake", who was alleged to be a Hezbollah military commander.  At trial, the Government's Hezbollah "expert", Matthew Levitt, testified that Harake was a Hezbollah military commander, but when Defense counsel pursued cross-examination concerning Levitt's expertise, bias, and, most critically, the source of Levitt's information about Harake, the District Court intervened *sua sponte* and prohibited the Defense from exploring these subjects—telling Defense counsel to Google Harake if he wanted to know the source.

At Hammoud's first sentencing, the District Court adopted the presentence report published October 31, 2002 ("the First PSR"), which applied the terrorism enhancement of U.S.S.G. § 3A1.4 increasing the Guidelines sentence from a maximum of 57 months to life in prison.  The District Court imposed the maximum sentence on each count, ordered all sentences to be served consecutively, and sentenced Hammoud to 155 years' imprisonment.

Ruling *en banc*, this Court considered *Blakely v. Washington*, 124 S. Ct.

6

2531 (2004), and affirmed the judgment below. *United States v. Hammoud*, 381 F.3d 316 (4th Cir. 2004) (*en banc*).  The Supreme Court vacated the decision and remanded for reconsideration in light of *United States v. Booker*, 125 S. Ct. 738 (2005). *See Hammoud v. United States*, 125 S. Ct. 1051 (2005).  Without further submissions, this Court reinstated the portions of the opinion calculating Hammoud's Guidelines sentence and remanded for resentencing.  *See United States v. Hammoud*, 405 F.3d 1034 (4th Cir. 2005).

The District Court waited almost six years to resentence Hammoud.  During this time, the Defense discovered and developed new evidence that CJA-appointed counsel working with only 8 weeks before trial in the days after September 11, 2001, could not develop. The new evidence discredits the trial evidence upon which the District Court relied to apply U.S.S.G. § 3A1.4.  For example, the new evidence discredits Levitt's credibility, his testimony about "Sheik" Fadlallah, and his testimony that Harake was a Hezbollah military commander.  Among this new evidence was an affidavit from Abbas Harake himself stating that he was not a Hezbollah military commander.  The District Court refused a Defense request for Harake's deposition (which Harake agreed to provide), then asked the Government to produce any evidence refuting Harake's affidavit.  Months later, the Government requested a special hearing in which it put Special Agent David Yu, a North Carolina FBI agent on the stand.  Special Agent Yu then testified that one of

his unidentified superiors sent a request to an Israeli attaché, whom the Government would not identify, who had forwarded that request to an office in Israel that the Government would not identify. In response, this secret source, which relied on its own "unnameable source", informed the U.S. Government that one Abbas Harake was a member of the Hezbollah military. The Court refused to compel Yu to disclose any other information, despite his testimony being triple hearsay with no way to judge its veracity, and admitted it over Defense objection.

The District Court also declined to revisit Hammoud's Guidelines calculation, limiting resentencing to consideration of a potential variance under 18 U.S.C. § 3553(a). At the resentencing hearing conducted on January 26 and 27, 2011, Hammoud introduced evidence discrediting the trial evidence relied upon for sentencing, including (most critically) the evidence supporting the conclusion of the PSR that U.S.S.G. § 3A1.4 applied because that Guidelines' intent requirement was met. The new evidence included extensive hearing testimony from Robert Baer, a Hezbollah expert and former CIA agent; testimony from Theresa Finocchio, a former business partner and paramour of Haissam "Sam" Nashar, who at trial testified Hammoud was known to be a Hezbollah member; and an affidavit from Lara Deeb, Ph.D., a university professor and expert in Shi'a Islam who has done extensive field study in and around Beirut. That evidence, unrebutted by the Government, proved beyond peradventure that the findings in the First PSR

regarding Hammoud's connections with Hezbollah, including connections with Sayid Fadlallah and Hassan Nasrallah, findings relied upon by the District Court and this Court in 2004 to support the application of § 3A1.4, were just wrong.

Hammoud also submitted a compilation and detailed statistical and factual comparison of approximately 168 cases involving material support of a DFTO, financial material support, and virtually every other terrorism related case the Defense could find, including every reported U.S.S.G. § 3A1.4 case, with a statistical analysis argued in detail on the second day of the sentencing hearing that demonstrates both that the 155-year sentence—and the 30-year sentence ultimately imposed—are grossly disproportionate to cases of similar offense conduct in violation of 18 U.S.C. § 3553(a)(6).

Also, on the second day of the resentencing hearing, Hammoud gave a heartfelt allocution in which he accepted responsibility, expressed remorse for his conduct, and explained how much he had learned and grown during his decade in prison. However, the District Court had already decided the sentence and written its opinion before the second day of the resentencing. Never acknowledging Hammoud's allocution, the District Court immediately imposed the sentence set out in its pre-prepared memo. The court sentenced Hammoud to 35 years as the statutory maximum for money laundering (20 years) and material support (15 years). When it was called to the District Court's attention that the applicable

statutory maximum for material support was 10 years instead of 15 years, the District Court reduced the sentence to 30 years, stating that ***its intention was to apply the statutory maximums for money laundering and material support***.  The Panel affirmed the District Court in an unpublished opinion dated June 21, 2012.

## **ARGUMENT**

By definition, few cases are *sui generis*. This case, the first material support case tried after 9/11, is one. It is for this reason that the case presents so many significant issues. It is for this reason rehearing or hearing *en banc* is required.

## I.     Issue #1: The Panel's Decision Conflicts with the Circuit's *Abu Ali* Decisions on a Critical and Recurring Issue—18 U.S.C. § 3553(a)(6) Analysis.

The proper application of 18 U.S.C. § 3553(a)(6) is a recurring issue of great significance to the criminal justice system.  As Judge Motz articulated the issue in *Abu Ali* and the majority in that decision also endorsed:  Section 3553(a)(6) sets the sole criterion for a disproportionality analysis, which is to compare defendants with "similar records" found guilty of "similar conduct." 18 U.S.C. § 3553(a)(6); *Abu Ali*, 528 F.3d 210.  Here, although provided with a comprehensive comparison of the sentences of defendants with like conduct and a statistical analysis confirming its validity, the District Court ruled that only cases where the defendant went to trial were comparable both for that fact and the derivative fact that in such cases the defendant (as the District Court alleged here) had not accepted

responsibility. This error was both statutory and Constitutional, as the District Court conflated the analyses under Sections 3553(a)(6) and 3553(a)(1).

For just one example, as a result of this erroneous limitation, the District Court ignored dozens of financing cases with remarkably similar facts and ignored sentences at or below four years involving Hezbollah, the FARC, Lashkar e Taiba, and other DFTOs. Instead of looking at these similar cases, the District Court compared Hammoud to those convicted of attempting to bomb the Holland and Lincoln Tunnels and New York landmarks because they went to trial. The Panel's gymnastics to approve this analysis constitutes error and conflicts with the *Abu Ali* decisions' guidance. *See Abu Ali*, 528 F.3d 210; *Abu Ali*, 410 Fed. Appx. at 680.

## II. Issues #2 & #3: The Panel's Decision Sanctions the Pre-Determination of Criminal Defendants' Sentences and Sentencing without Consideration of Allocutions, Rendering the Sentencing Hearing Meaningless and in Conflict with the Circuit's *Muhammad* Decision.

Hammoud allocuted at length about his acceptance of responsibility—a fact the District Court ignored because it imposed a sentence it decided upon the day before (if not earlier) finding expressly that Hammoud had never accepted responsibility. This Court has made clear that such an allocution at resentencing fully represents acceptance of responsibility and must be considered. *Muhammad*, 478 F.3d at 251; *see also Landeros-Lopez*, 615 F.3d at 1267-68 (same).

The Panel's apology for the District Court's predetermination of the sentence cannot be reconciled with the plain language of the District Court's

opinion and conduct. The District Court imposed the exact sentence already written the day before the allocution, while finding that Hammoud had not accepted responsibility despite Hammoud's allocution of just minutes before.

## III.    Issue #4: The Confrontation Clause Gives Defendants Protection and Imposes Limits on Prosecution Evidence at Sentencing in this Case.

The District Court's finding that Hammoud had the specific intent required by U.S.S.G. § 3A1.4 increased Hammoud's Guidelines sentencing range from 46-57 months (the range faced without the judge-found enhancing facts), to life in prison, and ultimately now 30 years.  However, Hammoud was not permitted to cross-examine the witnesses on whom the District Court relied.  First, the District Court restricted Hammoud from examining Levitt regarding the sources of his testimony that Harake was a military commander.  Second, the District Court prohibited Hammoud from examining Special Agent Yu regarding the sources and methods through which his triple hearsay testimony was obtained.  Hammoud had no way to identify the sources of either witness' testimony, and no way to test their veracity.  Yet their testimony drove his sentence.  Their testimony did not concern an ancillary matter; it went to the heart of Hammoud's offense conduct.

The Panel acknowledged that the cross-examination of key witnesses was restricted or prohibited; and there is no dispute internet-derived evidence was admitted with no showing whatever as to the reliability or accuracy of the source or the evidence.  Similarly, there is no dispute the Guidelines calculation in the

First PSR relied upon at resentencing is based in part on unidentified statements by unidentified prosecutors and investigators. The Panel held all of this was permissible because, based on this Circuit's prior decisions, the Confrontation Clause does not apply to the sentencing stage.  This Court should take this opportunity to clarify this holding, which is too broad.  Although the Confrontation Clause need not apply to all aspects of sentencing, it must apply in the circumstances presented here.  When the Government introduces evidence of a criminal defendant's behavior or intent that goes to his *offense conduct* but was not proved to a jury, the Confrontation Clause should apply.  The principles enumerated in *Michigan v. Bryant*, 131 S. Ct. 1143 (2011); *Bullcoming v. New Mexico*, 131 S. Ct. 2705 (2011); *Maryland v. Craig*, 497 U.S. 836 (1990); *Melendez-Diaz v. Massachusetts*, 129 S. Ct. 2527 (2009); and *Crawford v. Washington*, 541 U.S. 36 (2004), require this result.

IV.  **Issue #5: The Panel Erred Because Formulating a Guidelines Sentence Exceeding the Statutory Maximum for the Offense with a Resulting Presumption of Validity Based on Findings of Specific Intent not Proved to a Jury Beyond a Reasonable Doubt Violates *Apprendi* Principles.**

The District Court and the Panel were bound by this Circuit's rulings that *Apprendi v. New Jersey*, 530 U.S. 466 (2000) does not apply at sentencing.[1]  This

---

[1] Although it is well-settled that *Apprendi* generally does not apply at sentencing so long as the court does not exceed the statutory maximum for a given sentence, it does not permit a court to rely upon mere supposition or "facts" not in the record, *(continued on next page)*

exception is Constitutionally flawed and should be reexamined. Here, the disputed issue is the intent of Hammoud in committing the offense, which *Blakely v. Washington*, 542 U.S. 296 (2004) teaches is core *Apprendi* territory. Absent the finding that Hammoud's motive was "*to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct*", his sentence—for conduct proved to the jury beyond a reasonable doubt—is no more than 57 months under the Guidelines. This issue is the intent of the offense; it is essential offense conduct, not a sentencing factor, and it has a material impact on the sentence. *United States v. O'Brien*, 130 S. Ct. 2169, 2176-77 (2010). It must be properly determined beyond a reasonable doubt by the jury.

No matter how one tries to minimize the import of this finding by the judge by a preponderance of the "evidence" when the Rules of Evidence do not apply, the fact remains it increased the presumptively valid sentence from 46-57 months to 155 years, which is vastly above the statutory maximum for the relevant offense—Section 2339B (10 year max.). And the burden was shifted to Hammoud to prove he was entitled to a variance to get below 155 years.

---

*(continued from previous page)*
as the District Court did here. There is absolutely no support in the record for the District Court's findings that Hammoud "was recruited in Lebanon and sent to the United States to organize and lead a Hezbollah cell" and that the contacts he gains in prison may make him a threat.

**V.     Issues #6 & #7: U.S.S.G. § 3A1.4 Is Unconstitutional as Applied when Imposing an Increase in Hammoud's Criminal History from CH I to CH VI without Any Basis in Research or Fact and the District Court Applied an Impermissible Factor to Support its Refusal to Correct the Flaw in Violation of Supreme Court Precedent.**

The Supreme Court has made clear that the Sentencing Guidelines are worthy of deference only when they are based in logic and experience. *United States v. Kimbrough*, 552 U.S. 85, 108-09 (2007). The Panel and the District Court failed to address the fact that there is no record of Congressional or Sentencing Commission fact-finding to support the inflation in criminal history imposed by U.S.S.G. § 3A1.4 and the District Court.  Merely parroting the shibboleth that "terrorists" cannot be rehabilitated (*Cf. Meskini*, 319 F.3d at 88), without acknowledging that statement by the Second Circuit panel has no basis in fact-finding and without acknowledging Hammoud and Meskini are in no way comparable in their statements or behavior, left the unconstitutional application of U.S.S.G. § 3A1.4 unremedied in this case.  The District Court exacerbated the Due Process violation and violation of Section 3553 procedure by inventing a new justification for refusing to correct the criminal history inflation—the wholly unsupported supposition that the "experience and contacts [Hammoud] gains in prison may assist him in continuing to be a threat to the United States even from abroad".  The Circuit should clarify that this is not a factor to be considered by the district court—at least absent evidence in the record to support such speculation.

Respectfully submitted this the 9th day of July, 2012.

**/s/ James P. McLoughlin, Jr.**
North Carolina State Bar No. 13795
Christopher D. Tomlinson
North Carolina State Bar No. 38811
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina  28202
Telephone: 704-331-1054
Fax: 704-378-2054
E-mail: jimmcloughlin@mvalaw.com

Stanley Lewis Cohen
ATTORNEY AT LAW
119 Avenue D
New York, New York  10009
Telephone: 212-995-2690

***COUNSEL FOR APPELLANT***

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on this 9th day of July, 2012, I caused this Petition for

Rehearing and Rehearing *En Banc* to be filed electronically with the Clerk of the

Court using the CM/ECF System, which will send notice of such filing to the

following registered CM/ECF users:

    David A. Brown, Sr.
    Craig D. Randall
    OFFICE OF THE U.S. ATTORNEY
    227 West Trade Street, Suite 1650
    Charlotte, North Carolina  28202
    (704) 338-3153

    *Counsel for Appellee*

                                  /s/ James P. McLoughlin, Jr.
                                  *Counsel for Appellant*